554 F.2d 1004
 Victor DELANO, Individually and Derivatively on Behalf of
Wichita Eagle and Beacon Publishing Company, Inc.,
Plaintiff-Appellant,
v.
Paul R. KITCH, Harry B. Brown, Jr., Ward E. Colwell, Richard
M. Jennings, Paula R. Murdock, Janet M. Jennings, Foster
Jennings, Vici McComb, David Colwell,* Victoria
Bloom,* First National Bank in Wichita,
Executor of the Will and Estate of Marcellus M. Murdock,
Deceased, and Trustee, Defendants-Appellees.
 Nos. 74-1897, 74-1898, 75-1012, 75-1442 to 75-1444.
 United States Court of Appeals,
Tenth Circuit.
 May 13, 1977.
 
 Paul Martin Wolff, of Williams, Connolly & Califano, Washington, D. C. (Paul R. Connolly, Jeremiah C. Collins, and Allan A. Ryan, Jr., Washington, D. C., Robert Martin and Paul B. Swartz, of Martin, Pringle, Schell & Fair, Wichita, Kan., of counsel, with him on the brief), for plaintiff-appellant, Victor Delano.
 Ronald K. Badger, Wichita, Kan., for plaintiff-appellant, Victoria Bloom.
 Charles W. Harris, of Curfman, Brainerd, Harris, Bell, Weigand & Depew, Wichita, Kan. (Lawrence E. Curfman, Jack Scott McInteer, and Sidney J. Brick, Wichita, Kan., with him on the brief), for plaintiff-appellant, First National Bank in Wichita.
 Wayne Coulson, Wichita, Kan., for defendants-appellees.
 Before SETH, McWILLIAMS and DOYLE, Circuit Judges.
 SETH, Circuit Judge.
 
 OPINION ON MOTION FOR CLARIFICATION
 
 1
 This court filed an original opinion in this appeal, and certain parties have petitioned for rehearing or for clarification. It appears that an issue relative to the "stockholder's right of refusal," originally contained in the Articles of Incorporation of the newspaper, around which the litigation centered, was not covered in the original opinion. This opinion considers that issue and thus supplements what was said in the original opinion.
 
 
 2
 From the record it appears that a stockholders' meeting of the newspaper was called for the purpose of voting on whether or not the first refusal provision in the Articles be eliminated. This provision gave stockholders the right to meet offers made by "outsiders" for the purchase of other stockholders' shares. The then contemplated sale of the shares of the corporation to Ridder was also to be considered and "finalized" at this meeting.
 
 
 3
 The plaintiff Delano sought to enjoin the meeting on the ground that under Kansas law the right of refusal could not be so removed from the Articles by a vote of the stockholders otherwise sufficient in number to amend the Articles. He brought the proceedings for an injunction before Judge Langley to whom the case was then assigned.
 
 
 4
 Judge Langley held a thorough evidentiary hearing to consider the issue. He concluded that the provision could be eliminated from the Articles by a vote of the shareholders, and that insufficient equitable considerations had been advanced by the plaintiff.
 
 
 5
 An appeal to this court was taken from the denial of relief by Judge Langley. This court issued a temporary order to restrain further corporate proceedings until a hearing could be had. A special hearing was held, and a majority of the panel ordered the temporary injunction lifted. This Order in part said:
 
 
 6
 "1. The Order of this Court heretofore entered on April 19, 1973 is hereby vacated and dissolved insofar as such Order enjoined the Defendants from conducting a meeting of the Shareholders of the Wichita Eagle and Beacon Publishing Company, Inc., on April 30, 1973, for the purpose of amending the Company's Articles of Incorporation and at which time an agreement dated February 28, 1973, is to be finalized and closed.
 
 
 7
 "2. It is the further ORDER of the Court that the Order of April 19, 1973 wherein this Court stayed '. . . further proceedings to implement the sale of the Wichita Eagle and Beacon Publishing Company . . ..' is vacated and dissolved."
 
 
 8
 Judge Doyle dissented in part, and took the position that the order should have been based on a lack of entitlement to equitable relief because the plaintiff had not demonstrated sufficient facts to meet the basic equitable requirements.
 
 
 9
 The matter then came on for trial before Judge Bohanon who submitted the right of refusal issue with an estoppel issue to the jury. The jury found for the defendants on plaintiff's cause of action for damages based on the wrongful removal of the first refusal provision from the Articles.
 
 
 10
 We must hold that the order of this court, which denied plaintiff relief on this issue with the specific references to the purpose of the meeting to be held, became the law of the case on the shareholders' right to vote on and to remove the provision from the Articles. Since it was so decided as a matter of law that it could be so voted out, the issue should have been so treated thereafter.
 
 
 11
 Judge Doyle continues to hold to the view that the shareholders should not have been allowed to amend the Articles, as he did on the disposition of the injunctive proceedings. However, he concurs in the disposition of this appeal on the basis of law of the case.
 
 
 12
 Thus on this appeal we must hold that the issue has been decided, that the cause of action as against certain defendants only thereon should not be retried. On remand, it is directed that Ward E. Colwell, Richard M. Jennings, Janet M. Jennings, Foster Jennings, Paul R. Murdock, Vici McComb, and David Colwell be dismissed from the case.
 
 
 13
 The opinion as originally filed herein is unchanged except to add this additional ruling on the right of refusal.
 
 
 14
 IT IS SO ORDERED.
 
 
 
 *
 Defendants-Appellants